**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 07-1494

BORA SOW,

          Petitioner,

    v.

MICHAEL B. MUKASEY, Attorney General,

          Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.  (A73-643-569)

Submitted:  February 13, 2008      Decided:  March 4, 2008

Before NIEMEYER, MICHAEL, and MOTZ, Circuit Judges.

Petition denied by unpublished per curiam opinion.

John T. Riely, Bethesda, Maryland, for Petitioner.  Peter D. Keisler, Assistant Attorney General, Terri J. Scadron, Assistant Director, Siu P. Wong, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Bora Sow, a native and citizen of Guinea, petitions for review of an order of the Board of Immigration Appeals affirming, without opinion, the immigration judge's decision denying his requests for asylum, withholding of removal, and protection under the Convention Against Torture.

Sow first challenges the determination that he failed to establish his eligibility for asylum. To obtain reversal of a determination denying eligibility for relief, an alien "must show that the evidence he presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." INS v. Elias-Zacarias, 502 U.S. 478, 483-84 (1992). We have reviewed the evidence of record and conclude that Sow fails to show that the evidence compels a contrary result. Accordingly, we cannot grant the relief that he seeks.

Additionally, we uphold the denial of Sow's request for withholding of removal. "Because the burden of proof for withholding of removal is higher than for asylum--even though the facts that must be proved are the same--an applicant who is ineligible for asylum is necessarily ineligible for withholding of removal under [8 U.S.C.] § 1231(b)(3) [2000]." Camara v. Ashcroft, 378 F.3d 361, 367 (4th Cir. 2004). Because Sow fails to show that he is eligible for asylum, he cannot meet the higher standard for withholding of removal.

We also find that substantial evidence supports the finding that Sow fails to meet the standard for relief under the Convention Against Torture. To obtain such relief, an applicant must establish that "it is more likely than not that he or she would be tortured if removed to the proposed country of removal." 8 C.F.R. § 1208.16(c)(2) (2007). We find that Sow failed to make the requisite showing before the immigration court.

Accordingly, we deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DENIED